

**FILED**
APR 2 3 2008 TC
Apr 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY JENTSCH<br>    Plaintiff,<br><br>-vs-<br><br>VILLAGE OF LYNWOOD and VILLAGE OF<br>LYNWOOD POLICE OFFICERS<br>R. GOMEZ (Star #115),<br>D. SUROVIAK (Star #105), and<br>J. HERNANDEZ (Star #104)<br>    Defendants. | 08CV2322<br>JUDGE DARRAH<br>MAG. JUDGE SCHENKIER |

## CIVIL COMPLAINT

NOW COMES the Plaintiff Jeremy Jentsch, by and through his attorney, Brendan Shiller of the Law Office of Brendan Shiller, complaining of the Defendants, the Village of Lynwood, and Village of Lynwood Police Officers R. Gomez (Star #115), D. Suroviak (Star # 105) and J. Hernandez (Star #104), and in support thereof states of follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. In sum, Plaintiff was unlawfully seized, falsely arrested and imprisoned, assaulted, battered and maliciously prosecuted by the Defendants and has been harmed greatly by the unconstitutional conduct of the Defendants.

### Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction for attendant state claims as provided under U.S.C., § 1367(a).

**Parties**

3. Plaintiff Jeremy Jentsch is a United States citizen who resides at 3530 Randolph Street in Lansing, Illinois.

4. Defendant Village of Lynwood is a municipal corporation organized under the laws of the State of Illinois, that operates the Lynwood Police Department.

5. Defendant Officers were, at the time of this occurrence, employees of the Lynwood Police Department and acted under their authority as duly appointed police officers in the Lynwood Police Department at all relevant times.

**Background Facts**

6. In the early morning hours of April 23, 2008, Plaintiff Jeremy Jentsch was driving down Stony Island Avenue, near 197th street, along the border of the villages of Glenwood and Lynwood, in Illinois.

7. Just prior to that time, Plaintiff had been driving home from a friend's house on the expressway, when he experienced a tire blow out.

8. After Plaintiff's tire blew out, he exited the expressway and attempted to make it home by driving slowly, where there was extremely light traffic flow and the least possibility of experiencing or causing unsafe conditions as a result of the condition of his vehicle's tire.

9. Shortly thereafter, Plaintiff Jentsch was pulled over by Lynwood Police Officers Gomez and Suroviak.

10. Upon approaching Plaintiff Jentsch's vehicle, Defendant Officers Gomez and Suroviak grabbed Plaintiff from his car and arrested him.

11. Before putting Plaintiff into the back of a squad car, Defendant Officer Suroviak slammed his face into the trunk area of his vehicle forcefully, causing lacerations and abrasions to Plaintiff's face, including his nose and lip area.

12. Upon arriving at the Lynwood Police Station, Defendant Officers Suroviak and Gomez took Plaintiff into a booking room and searched him and strip searched him several times, although they had no reason to believe that Jentsch was in possession of either weapons or drugs on his person, as is required by Illinois law.

13. During the course of nearly an hour, Defendant Officers Suroviak and Gomez taunted Plaintiff Jentsch and threatened to inflict various physical punishments on him, even calling other officers, including watch commander, Defendant Hernandez, to come into the room to join in the fun.

14. At one point in the verbal taunting, Defendant Officer Suroviak pulled out his weapon and pointed it at Plaintiff Jentsch, shining a red laser beam on him, although he had already been arrested, transported, strip searched and was handcuffed to the wall across the room.

15. The Defendant Officers remained in the processing room with Plaintiff Jentsch for approximately an hour, however, they did not process Plaintiff until the next day.

16. The Lynwood Police Officer who eventually processed Plaintiff on the following day encouraged him to wash and clean the blood off of his face, prior to being fingerprinted and photographed for his mug shot.

17. Plaintiff Jentsch was written several tickets for D.U.I., use of unsafe tires, operation of an uninsured motor vehicle and illegal transportation of alcohol.

18. Plaintiff was forced to miss full workdays approximately 8-10 times to defend against these charges between the months of May 2007 aand February 2008, when the charges were finally dismissed.

19. Plaintiff retained counsel to defend against the resulting charges, at a cost for legal fees of $2,000.

20. During the time that the case was pending, Defendant officers repeatedly did not come to court, prolonging the proceedings unnecessarily and obstructing Plaintiff from vindicating himself as well as causing Plaintiff to miss work and therefore money.

### Count 1—Excessive Force

21. Plaintiff re-alleges and reincorporates by reference all previous paragraphs.

22. As described above, the acts of Defendant Officers were a deliberate and malicious deprivation of Plaintiff Jentsch's constitutional rights against excessive force as guaranteed by the Fourth Amendment to the Constitution and made applicable to the state by the Fourteenth Amendment.

23. The force used against Jentsch by Defendant Officers was unnecessary, unprovoked, unlawful and excessive.

24. This misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

25. Defendant Officers acted with willful, wanton, and reckless indifference to Plaintiff's rights.

26. As a result of the unreasonable and unjustifiable excessive force used by Defendant Officers, Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 USC Section 1983.

27. The misconduct described was undertaken by Defendant Officers within the scope of their employment, and under color of law such that their employer, Village of Lynwood is liable for their actions, as more fully described below.

28. Wherefore, Plaintiff demands judgment against Defendant Officers for actual and compensatory and punitive damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## Count 2—Excessive Force Due Process

29. Plaintiff re-alleges and reincorporates all previous paragraphs.

30. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

31. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

32. The Defendant Officers' inflicted physical violence upon Plaintiff that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

33. When they inflicted physical violence upon Plaintiff Defendant Officers' were acting "under color of state law."

34. The actions of the Defendant Officers' in inflicting violence upon Plaintiff were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

35. As a result of the excessive force inflicted by Defendant Officers, Plaintiff sustained severe bodily injuries in the form of, inter alia, multiple bruises, lacerations, abrasions, respiratory and vision impairment as well as severe injuries in the form of, inter alia, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Defendants, Plaintiff also lost wages and incurred medical expenses, costs and attorneys' fees.

36. By inflicting excessive force upon Plaintiff, Defendant Officers deprived Plaintiff of liberty without due process of law in violation of Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Plaintiff under 42 U.S.C. § 1983.

37. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

### Count 3—Failure to Intervene, 42 USC Section 1983

38. Plaintiff re-alleges and reincorporates all of the allegations in preceding paragraphs.

39. Each of the Defendant Officers had a reasonable opportunity to prevent the other Defendant Officer from using excessive force against Plaintiff, but failed to do so.

40. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

41. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Jentsch.

42. This misconduct was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Lynwood, is liable for their actions, as more fully described below.

43. Wherefore, Plaintiff demands judgment against Defendant Officers for actual, punitive and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

### Count 4—State Law Claim Assault

44. Plaintiffs reallege and incorporate by reference all of the allegations in the preceding paragraphs.

45. The Defendant Officers intentionally created an apprehension in Plaintiff of immediate physical harm by means of various overt gestures intended to cause fear of harmful touching by the actual beating, as well as by the conduct of making threats against Plaintiff, as well as the overt act of making threats against Plaintiff and drawing a weapon as fixating the laser beam on Plaintiff, although he had been arrested, transported to the police department and handcuffed to the wall and presented no threat of danger to Defendant Officers.

46. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

47. As a result of this conduct, Plaintiff sustained emotional and physical injuries.

Wherefore, Jentsch demands judgment against Defendant Officers for actual, punitive and compensatory damages, as well as punitive damages, in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## Count 5- State Law Battery Claim

48. Plaintiff re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

49. Defendant Officer intentionally, harmfully, and offensively touched Jentsch by forcefully pushing his face into the back of his trunk, and by conducting an unlawful strip search of him at Lynwood Police Station.

50. This conduct was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

51. As a result of this conduct, Jentsch suffered anguish and emotional injuries.

52. Wherefore, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages, as well as punitive damages, in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## COUNT 6—State Claim Malicious Prosecution

53. Plaintiff incorporates and re-alleges all previous paragraphs.

54. The Defendant Officers knowingly and maliciously caused criminal charges to be filed and prosecuted against Jeremy Jentsch.

55. There was no probable cause for the institution of a criminal charge against Jeremy Jentsch.

56. The criminal proceedings were commenced and continued maliciously.

57. The Defendant Officers facilitated this malicious prosecution by creating false police reports, which they knew to be false.

58. Defendant Officers swore out false criminal complaints, which they knew to be false, which resulted in charges being brought against Jeremy Jentsch.

59. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

60. Defendant Officers continued to misinform Prosecutors causing the criminal charges against Jeremy Jentsch to be continued.

61. The DUI charges were dismissed on February 27, 2008.

62. Plaintiff was injured, including emotional and physical damage, lost wages, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish.

63. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

### Count 7--State Claim Intentional Infliction of Emotional Distress

64. Plaintiff re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

65. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

66. Particularly, the conduct of Defendant Officers in pulling a weapon on him and aiming the laser beam on his body as he was handcuffed to the wall, in addition to the unlawful strip search, was reasonably calculated to cause immense emotional distress to Plaintiff Jeremy Jentsch.

67. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

68. Defendant Officer's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

69. Said actions and conduct did directly and proximately cause Plaintiff to suffer various severe emotional and physical problems.

70. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

### Count 8—False Arrest and Unlawful Detention Claim

71. Plaintiff re-alleges and reincorporates all previous paragraphs.

72. As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff without justification and without probable cause thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

73. Defendants caused Plaintiff Jentsch to be detained by certain pretrial conditions until such time that his case was dismissed favorably to him.

74. WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Individual Defendants and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

### Count 9--42 U.S.C. sec. 1983, Due Process Claim

75. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

76. The individual Defendants' conduct violated plaintiff's right to due process pursuant to the United States Constitution.

77. WHEREFORE, Jeremy Jentsch requests that judgment be entered in his favor and against the individual Defendants and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs, and expenses and such further relief as this Court deems just.

## Count 10—Invasion of Privacy

78. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

79. On April 23, 2007, Plaintiff arrested after his vehicle was curbed by Lynwood Police Officers, whom are defendants in this action, without any investigation as to whether he was intoxicated or in violation of any section of the Illinois Vehicle or Criminal Code.

80. After physically assaulting Jentsch, Defendants Gomez and Suroviak transported Plaintiff to the Lynwood Police Station and brought him into a processing facility, presumably for a misdemeanor offense of Driving Under the Influence of alcohol.

81. While in the processing room, Defendant Officers instructed Plaintiff to remove articles of clothing, including his shirt, pants and shoes, after having searched Plaintiff prior to arrival at the police station.

82. After having Plaintiff to remove said articles of clothing, Defendant Officers then jostled Plaintiff's body, both in the front and back, by several times, reaching into Plaintiff's underwear.

83. Defendant Officers committed these acts willfully and wantonly, with blatant disregard both for the rights of Plaintiff Jentsch and Illinois law, which does not authorize strip searches of detainees for traffic offenses or misdemeanors unless officers have reasonable belief that said search will uncover either drugs or weapons.

84. Defendant Officers in the instant case, had already searched Plaintiff more than three times and it is extremely unlikely that once Plaintiff was down to his boxer shorts and socks, that anything, much less drugs or weapons were being concealed.

85. It is more likely that this highly invasive and unlawful search, and evidenced by the conduct of the Defendant Officers, was calculated to humiliate Plaintiff and was not related to any legitimate enforcement purpose.

86. WHEREFORE, Plaintiff Jentsch requests that judgment be entered in his favor and against the individual Defendants and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs, and expenses and such further relief as this Court deems just.

## COUNT 11—State Claim Respondent Superior

87. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

88. In committing the acts alleged, Defendant Officers were members and agents of the Lynwood Police Department, acting at all relevant times within the scope of their employment.

89. Defendant Village of Lynwood is the employer of the Defendant Officers.

90. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

91. As a proximate cause of Defendant Officer's unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

92. WHEREFORE, Plaintiff demands judgment against Defendants Village of Lynwood for substantial compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

_____
Brendan Shiller

Law Office of Brendan Shiller, LLC
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940
ARDC: 6279789