IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEREMY JENTSCH,<br><br>    Plaintiff,<br><br>v.<br><br>VILLAGE OF LYNWOOD, VILLAGE OF LYNWOOD POLICE OFFICERS R. GOMEZ (Star #115), D. SUROVIAK (Star #105), and J. HERNANDEZ (Star #104)<br><br>    Defendants | Cause No. 08-C-2322<br><br>Judge John C. Darrah |

## MOTION TO DISMISS CERTAIN COUNTS

Defendants, Village of Lynwood, and Officers Gomez, Suroviak, and Hernandez, hereby move the Court to dismiss Counts 2 and 9 with prejudice, and state as follows:

### INTRODUCTION

This false arrest and excessive force suit under 42 U.S.C. § 1983 arises from a traffic stop occurring after Jeremy Jentsch attempted to drive home with a blown out tire. The Complaint contains three claims for excessive force, one of which (Count 1) arises under the Fourth Amendment and the other two (Counts 2 & 9) apparently arise from the substantive due process clause of the 14th Amendment.

This motion only seeks to dismiss those duplicative excessive force claims under the Substantive Due Process Clause.

### FACTUAL BACKGROUND

On April 23, 2007, Jentsch attempted to drive home with a blown out tire. (Compl. ¶ 6-8). Lynwood officers Gomez and Suroviak pulled him over and arrested

him.  (Compl. ¶ 9-10).  During the course of the arrest, allegedly, "Defendant Officer Suroviak slammed [Jentsch's] face into the trunk area of his vehicle."  (Compl. ¶ 11).

At the police station, Officers Suroviak and Gomez allegedly searched and strip searched Jentsch, and for an hour, then they allegedly "taunted" him, "threatened to inflict . . . physical punishment on him, even calling other officers, including watch commander Defendant Hernandez, to come into the room to join[.]"  (Compl. ¶ 12-13).  Allegedly, Officer Suroviak pointed his weapon at Jentsch and shone a "red laser beam" on him (presumably this refers to a laser sight for the weapon, though that is not clearly alleged).  (Compl. ¶ 14).

Jentsch was allegedly issued "tickets" for DUI, use of unsafe tires, operation of an uninsured vehicle, and illegal transportation of alcohol.  (Compl. ¶ 17).  Jentsch's "DUI charges were dismissed on February 27, 2008," (Compl. ¶ 61) and he filed this suit on April 23, 2008.

Count 1 alleges 4th Amendment Excessive Force against the "Defendant Officers;" Count 2 alleges substantive due process excessive force under the 14th Amendment against the "Defendant Officers;" and Count 9 alleges "due process" under § 1983—presumably for substantive due process—against the "individual Defendants."

## ARGUMENT

**A.     The Due Process Claims (Counts 2 & 9) Must Be Dismissed With Prejudice**

Plaintiff's excessive force claims arise from the force used to effectuate his arrest. However, that is the definition of a 4th Amendment excessive force claim—not a substantive due process excessive force claim.

Not only has Plaintiff alleged a 4th Amendment excessive force claim (Count I), but he has also alleged two substantive due process excessive force claims as well (Counts 2 and 9).

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court addressed the claims in a § 1983 action to recover damages for injuries allegedly sustained when law enforcement officers used physical force during an investigatory stop. *See id*. at 388. Graham alleged that the officers used excessive force in violation of his right to substantive due process under the Fourteenth Amendment. *See id*. at 390. The Court rejected Graham's attempt to recover damages under the Fourteenth Amendment's Due Process Clause, holding that

> all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

*Id.* at 395; *see also Albright v. Oliver*, 510 U.S. 266, 273-74, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994) (plurality); *Tesch v. County of Green Lake,* 157 F.3d 465 (7th Cir. 1997).

Further, it is well established that "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that

3

Amendment, and not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright,* 510 U.S. at 273; *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

In this case, Plaintiff asserts 3 excessive force claims, one arising under the Fourth Amendment, and the other two arising under the generalized notions of substantive due process. Because the 4th Amendment applies in this case to allegations of excessive force used in the course of effecting an arrest, Plaintiffs substantive due process claims must be dismissed. Indeed, Plaintiff cannot use the substantive due process clause to bring his excessive force claim when the Fourth Amendment provides an explicit textual source for this claim.

Accordingly, Counts 2 & 9 must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts 2 & 9 of the Complaint with prejudice.

Respectfully Submitted

/s/ Brandon K. Lemley
One of the Attorneys for Defendants

Attorneys for Defendants
Village of Lynwood, Officer Suroviak,
Officer Hernandez, and Officer Gomez
Daniel Gallagher
Paul O'Grady
Brandon Lemley
QUERREY & HARROW, LTD.,
175 W. Jackson, Ste. 1600
Chicago, IL 60604
312-540-7000

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on July 23, 2008, the foregoing document was served, pursuant to L.R. 5.9 and the General Order on Electronic Filing, via the Court's Electronic Case Filing System, to:

**Attorney for Plaintiffs:**
Brendan Shiller
Law Offices of Brendan Shiller, LLC.
4554 N. Broadway, Ste. 325
Chicago, IL 60640
773-907-0940

                                          /s/ Brandon K. Lemley
                                          One of the Attorneys for Village of Lisle