IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY JENTSCH, )<br>    Plaintiff, )<br>)<br>   -vs- )<br>)<br>VILLAGE OF LYNWOOD and VILLAGE )<br>OF LYNWOOD POLICE OFFICERS )<br>R. GOMEZ (Star #115), )<br>D. SUROVIAK (Star #105), and )<br>J. HERNANDEZ (Star #104) )<br>    Defendants. )<br>) | 08 cv 2322<br><br>Judge John W. Darrah<br><br>Magistrate Judge Schenkier | |

### RESPONSE TO MOTION TO DISMISS

NOW COMES PLAINTIFF, by and through his attorney, BRENDAN SHILLER, with the instant response to Defendants' Motion to Dismiss Certain Counts, in and support, states as follows:

Background

1. Defendant filed his 11-count complaint on April 23, 2008, essentially alleging excessive force and false arrest, with attendant state claims.

2. Defendants' filed their appearances on June 9 (R. 6-12), and sought an extension of time to file responsive pleadings two days later. (R. 13). The Court granted the extension of time, giving Defendants until July 23, 2008 to file responsive pleadings. (R. 15).

3. On July 23, 2008, Defendants' moved to dismiss counts 2 and 9 of the complaint. As of this date, Defendants have still not answered the other 9 counts. (R. 17).

4. Count 2 of the complaint alleges a due process violation for the excessive force used against Plaintiff. (R. 1). Count 9 alleges a due process violation for the initiation of criminal charges against Plaintiff that the Defendants knew to be false, and the use of false police reports to continue that prosecution. (R. 1).

5. Defendants make two arguments: 1) that counts 2 and 9 are duplicative; and 2) that excessive force is not properly pled as a due process violation, only as a 4th amendment violation.

Analysis

## Standard of Review

6. For purposes of a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of plaintiff. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996). When ruling on a motion to dismiss for failure to state a claim, the Court considers, "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would plaintiff's allegations entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The purpose of a motion to dismiss is to test the sufficiency of complaint not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). If Contreras' complaint, with all reasonable inferences in its favor, alleges any set of facts that can be the basis for relief, then a motion to

dismiss must be denied. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (noting a pleading must simply be sufficient to "allow the court and the defendant to understand the gravamen" of the complaint). Therefore, even if the legal theory of a count is to the Defendants' unliking, the Count must still stand as long as there are sufficient facts that allow "the defendant to understand the gravamen" of Plaintiff's allegation. *Id.*

7. All that Plaintiff must do in his complaint is "simply 'indicate the parties, general purpose, and approximate date, so that defendant has notice of what he is charged with.'" *Hobley v. Burge*, 2004 WL 1243939, at *11 (N.D. Ill. June 3, 2004), quoting *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).

### A. Plaintiff's Count 2 Excessive Force Claim Is Sufficient

8. Defendant's contend that in order to survive a motion to dismiss excessive force claims must plead a Fourth Amendment violation. See R. 17, citing *Graham v. Connor*, 490 U.S. 386, 395 (1989). This is a superficial reading of what Graham stands for. As the Supreme Court said a decade after *Graham*, "contrary to respondent's claim, *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-1871, 104 L.Ed.2d 443 (1989), does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, *Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific

provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272, n. 7, 117 S.Ct. 1219 (1997).

9. The issue raised by *Graham* is not one to be decided at this stage—it is a question of how the proof at trial should be analyzed to determine whether there was excessive force. Plaintiffs concede that the ultimate analysis will be whether the officer's conduct was objectively reasonable—but that has nothing to do with notice pleading.

10. The gravamen of Plaintiff's claim in Count II is that Defendants used excessively unreasonable force—that is sufficient notice pleading. See e.g. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Frankly, Plaintiff is unsure whether Defendants will attempt to argue that Plaintiff was under arrest from the outset, or not until after Plaintiff's head was smashed against the car. This is notable, because while it is Plaintiffs' theory that the arrest did not occur until after he was beat, if Defendants' contend that Plaintiff was initially arrested as soon as he was pulled out of the car then theoretically the objectively unreasonable beating that Jenstch received after the arrest could become a due process claim. *See e.g. Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997).

11. Either way, the basic allegation was that the officers used objectively unreasonable excessive force—and that is all that need be pled at this stage. It is entirely proper for Plaintiff to offer an alternative theory of liability, and then choose which way to go after some more discovery, and after Defendants' have answered—showing their own hand.

4

**B. Counts 2 and 9 are not duplicative**

12. Contrary to Defendants' contention, counts 2 and 9 are not duplicative. Count 2 claims a due process violation based on a post-arrest beating. Count 9 claims a due process violation based on the initiation of charges that the officers knew to be false.

13. On way to plead a substantive due process claim for the initiation of an unwarranted prosecution is to make a Brady claim by contending that exculpatory evidence was withheld, and that there was "a reasonable probability that had the evidence been disclosed to the defense the result would have been different." *United States v. Roberts*, 22 F.3d 744, 753 (7th Cir. 1994), *quoting United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). A "reasonable probability" is defined as a probability "sufficient to undermine the outcome" of the trial. Id. The Seventh Circuit has also defined exculpatory evidence as evidence when kept from the defense "may deprive the defendant of a trial comporting with due process." *U. S. ex rel. Moore v. Brierton*, 560 F.2d 288 (7th Cir. 1977).

14. This is not the only basis, however.

15. Courts in this Circuit have consistently held that pre-trial misconduct that misleads prosecutors, and therefore misleads courts, can be a basis for a Newsome claim. *See e.g. Patterson v. Burge*, 328 F.Supp.2d 878, 888 (N.D.Ill. 2004) (denying the defendants motion to dismiss as to the due process claim based on false testimony at suppression hearing); *Castillo v. Zuniga*, 2002 WL 398519 (N.D.Ill. 2002) (denying the defendants motion to dismiss due process claims, and

5

noting the defendants "are liable for constitutional violations when they suppress exculpatory evidence or fabricate inculpatory evidence so that prosecutors base their prosecutorial decisions on incomplete or spurious evidence."); see also *Manning v. Miller*, 355 F.3d 1028, 1033 (7th Cir.2004).

16. Therefore, Plaintiff has pled a sufficient due process claim based on the officer's fabricating of a basis for the arrest and prosecution of Plaintiff.

## Conclusion

For the foregoing reasons, Plaintiff requests that this honorable court deny Defendants Motion to Dismiss, or in the alternative, dismiss the Count 9 Due Process count without prejudice and allow Plaintiff to re-plead.

Respectfully Submitted,

/s/ Brendan Shiller /s/
Brendan Shiller

Brendan Shiller
Law Office of Brendan Shiller, LLC
36 S. Wabash, Suite 1310
Chicago, IL 60603
ARDC #6279789

6

## CERTIFICATE OF SERVICE

I, Brendan Shiller, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **RESPONSE TO MOTION TO DISMISS CERTAIN CLAIMS**, to be sent via email to:

**Brandon K Lemley**
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604-2827
(312) 540-7000
Email: blemley@querrey.com

By: /S/ Brendan Shiller /S/
Brendan Shiller
Law Office of Brendan Shiller, LLC
36 S Wabash Ave., Suite 1310
Chicago IL 60603