IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEREMY JENTSCH,<br><br>　　Plaintiff,<br><br>v.<br><br>VILLAGE OF LYNWOOD, VILLAGE OF LYNWOOD POLICE OFFICERS R. GOMEZ (Star #115), D. SUROVIAK (Star #105), and J. HERNANDEZ (Star #104)<br><br>　　Defendants | Cause No. 08-C-2322<br><br>Judge John C. Darrah |

**DEFENDANTS' REPLY ON MOTION TO DISMISS CERTAIN COUNTS**

Defendants have filed this motion to dismiss merely to clean up duplicative counts. Plaintiff's response claims that Counts 2 & 9 (alleging "excessive force due process" and "due process" respectively) are all distinct from his other claims for excessive force under the 4th Amendment and his claims for false arrest and malicious prosecution (Counts 1, 6, & 8).

However, the response itself belies this argument, as Plaintiff claims that "Count 2 claims a due process violation based on a post-arrest beating. Count 9 claims a due process violation based on the initialization of charges that the officers knew to be false." (Resp. at 5). Such allegations are absolutely duplicative of his other claims for 4th Amendment excessive force and false arrest/malicious prosecution.

## ARGUMENT

**1.    The Complaint Does Not State A Substantive Due Process Claim**

In his response, Plaintiff claims that he has stated a Substantive Due Process excessive force claim because he "is unsure whether Defendants will attempt to argue that Plaintiff was under arrest from the outset, or not until after Plaintiff's head was smashed against the car." (Resp. at 4). Problem is, Plaintiff has plead himself out of court for such an argument. The Complaint alleges that Plaintiff was arrested before Officer Suroviak allegedly slamming Plaintiff's head against the trunk:

> 9.    . . . Plaintiff Jentsch was pulled over by Lynwood Police Officers Gomez and Suroviak.
> 10.   Upon approaching Plaintiff Jentsch's vehicle, Defendant Officers Gomez and Suroviak grabbed Plaintiff from his car and <u>arrested him</u>.
> 11.   Before putting Plaintiff into the back of the squad car, Defendant officer Suroviak slammed his face into the trunk area of his vehicle[.]

(Compl. ¶ 9-11). Clearly, as alleged by Plaintiff, the use of force occurred after he was arrested, a point he later concedes in his Response. (Resp. at 5) ("Count 2 claims a due process violation based on a post-arrest beating").

Because the Complaint explicitly alleges that the use of force occurred during the course of the traffic stop and arrest, Count 2 must be dismissed with prejudice as duplicative of his 4th Amendment excessive force claim. *See Graham v. Connor*, 490 U.S. 386 (1989); *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

**2.    Plaintiff's Claim That Counts 2 & 9 Assert Brady or Newsome Claims Should Be Rejected**

Plaintiff next claims that Counts 2 and 9 state substantive due process claims because they might be alleging a "*Brady* claim" or a "*Newsome* claim" because the officers allegedly "fabricat[ed] . . . a basis for the arrest and prosecution of Plaintiff." (Resp. at 6). Presumably, Plaintiff is only discussing Count 9 as Count 2 explicitly claims to be for excessive force.

Count 9 re-alleges all preceding paragraphs of the Complaint, then states, in full: "The individual Defendants' conduct violated plaintiff's right to due process pursuant to the United States Constitution." (Compl. ¶ 75-76).

This case cannot be about a *Brady* or *Newsome* claim (i.e., government fails to turn over exculpatory evidence material to issue at trial) because Plaintiff's criminal case was dismissed before it ever went to trial. (Compl. ¶¶ 5, 8). Indeed, the Complaint does not contain any allegations remotely suggesting what exculpatory evidence could possibly exist that would have changed the outcome of the trial. Of course, there was never a trial at which evidence would be an issue because the case was simply dismissed. (Compl. ¶ 8). Indeed, this is not a case in which Plaintiff was convicted but later exonerated. He never even went to trial.

All that is left then, is a claim of false arrest and malicious prosecution. However, these claims have already been explicitly alleged.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts 2 & 9 of the Complaint with prejudice.

                    Respectfully Submitted

                    /s/ Brandon K. Lemley
                    One of the Attorneys for Defendants

Attorneys for Defendants
Village of Lynwood, Officer Suroviak,
Officer Hernandez, and Officer Gomez
Daniel Gallagher
Paul O'Grady
Brandon Lemley
QUERREY & HARROW, LTD.,
175 W. Jackson, Ste. 1600
Chicago, IL 60604
312-540-7000

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on September 5, 2008, the foregoing document was served, pursuant to L.R. 5.9 and the General Order on Electronic Filing, via the Court's Electronic Case Filing System, to:

**Attorney for Plaintiffs:**
Brendan Shiller
Law Offices of Brendan Shiller
4554 N. Broadway, Ste. 325
Chicago, IL 60640
773-907-0940

                 By: /s/ Brandon K. Lemley