

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY JENTSCH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2322 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF LYNWOOD, | ) | Judge John W. Darrah |
| R. GOMEZ, D. SUROVIAK and | ) | |
| J. HERNANDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeremy Jentsch, filed suit against Defendants, the Village of Lynwood and three of its police officers, alleging violation of the Civil Rights Act, 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Dismiss Certain Counts of Plaintiff's Complaint.

## BACKGROUND

This case arises from a traffic stop and the resulting apprehension of Plaintiff by Defendants. In the early hours of April 23, 2008, Plaintiff was driving on the expressway when he experienced a tire blowout. Plaintiff exited the expressway along the border of the villages of Glenwood and Lynwood in Illinois in an attempt to make it home on the blown tire by driving slowly and avoiding high-traffic areas. Shortly thereafter, Plaintiff was pulled over by Defendants, Officers Gomez and Suroviak, due to Plaintiff's tire condition. Upon approaching Plaintiff's vehicle, Defendant Officers Gomez and Suroviak allegedly grabbed Plaintiff from his vehicle and arrested him. Before Plaintiff was put into the back of the squad car, Defendant Officer Suroviak slammed his face into the trunk area, causing injury to the Plaintiff.

Upon arrival at the Lynwood Police Station, Defendant Officers Suroviak and Gomez took Plaintiff into a booking room and strip searched him several times. Over the better part of an hour, Defendant Officers Suroviak and Gomez verbally taunted and threatened Plaintiff with infliction of physical harm. Defendant Officers Suroviak and Gomez also purportedly asked other officers, including watch commander Defendant Hernandez, to come into the room to join in. At one point, Defendant Officer Suroviak drew his weapon and pointed it at Plaintiff, shining the red laser sight on Plaintiff. The following day, Plaintiff was encouraged to wash the blood off of his face before being processed. Plaintiff was cited for D.U.I., use of unsafe tires, operation of an uninsured motor vehicle and illegal transportation of alcohol.

## LEGAL STANDARD

The court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss. *Spring Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Pursuant to the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" in order to meet Rule 8(a)(2)'s requirements. 127 S.Ct. 1955, 1964 (2007). In order to survive a motion under Rule 12(b)(6), the allegations must be "enough to raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ANALYSIS

Defendants move to dismiss certain counts of Plaintiff's Complaint, specifically, the two substantive due process claims (Counts 2 and 9). Defendants argue that because the Fourth Amendment provides an explicit constitutional protection and an elucidated standard from which to analyze Plaintiff's claims of excessive force, Plaintiff is barred from also bringing the same claims under the more general notion of substantive due process. Plaintiff argues that his substantive due process claim is not precluded by the more explicit governance encompassed by the Fourth Amendment. The Court finds Defendants' argument persuasive.

The leading case which addresses excessive-force claims brought under the Fourth and Fourteenth Amendments is *Graham v. Connor*, 490 U.S. 386 (1989) (*Graham*). In *Graham*, the Supreme Court held:

> "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."

*Id.* at 395. The Supreme Court has further clarified the holding in *Graham* on several occasions. In *United States v. Lanier*, the Court held that *Graham* requires analysis of a claim under the standard appropriate to the specific governing provision and not under the rubric of substantive due process. 520 U.S. 259, 272, n.7 (1997). *See also Chavez v. Martinez*, 538 U.S. 760, 773, n.5 (2003) (*Graham* has been interpreted to "foreclose the use of substantive due process analysis in claims involving the use of excessive force in effecting an arrest . . . such claims are governed solely by the Fourth Amendment . . ."); *Jewett v. Anders*, 521 F.3d 818, 827, n.9 (7th Cir. 2008) ("The Supreme Court has cautioned that a substantive due process claim may not be maintained where a specific constitutional provision protects the right allegedly violated – in this case, the Fourth Amendment . . .").

3

The Supreme Court and Seventh Circuit have held that excessive-force claims brought under § 1983 rely on the sole use and application of the Fourth Amendment and its objective reasonableness standard, dispensing of and dismissing those claims brought under the substantive due process rubric. Accordingly, Defendants' Motion to Dismiss Counts 2 and 9 of Plaintiff's Complaint is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Certain Counts of Plaintiff's Complaint is granted.

Dated: October 28, 2008

JOHN W. DARRAH
United States District Court Judge